

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00134-CR

DONALD EDWARD STOVALL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Taylor County, Texas
Trial Court No. 2-84-17, Honorable Harriett L. Haag, Presiding

November 5, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Donald Edward Stovall, Jr. appeals from his conviction after a bench trial of the Class B misdemeanor offense of criminal trespass[1] and the resulting sentence of sixty days in jail, probated in favor of community supervision for six months. Through one issue, appellant contends the evidence was insufficient to support his conviction. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 30.05(a)(2) (West 2018).

## Background

Appellant was charged by information with, "on or about the 21st day of January, 2016, in Taylor County, Texas . . . intentionally and knowingly remain[ing] on a property of another, namely, Juan Jose Ortiz, without the effective consent of the said Juan Jose Ortiz, and the said Donald Stovall had received notice to depart but failed to do so."

At the bench trial, the court heard testimony from Juan Jose Ortiz. He testified that in late January 2016, he and his friend, Jessica, were at his home. Jessica and Ortiz heard someone "honking" and "yelling" outside. Ortiz saw appellant, Jessica's soon-to-be ex-husband, parked in front of the house. Appellant "kept on honking and—and just raising . . . Cain." Ortiz told the court appellant came to the door and began "banging" on it. Ortiz told him "You need to get out of here." He testified appellant said, "I'm not going to get out of here . . . I'm going to kick your butt . . . ." Ortiz said appellant made other more "colorful" statements. Ortiz eventually opened the door with a bat in his hand because appellant threatened to "bust" the glass on the door. Appellant "stepped in" the house with his hand "cocked" back in a fist. Ortiz hit appellant with the bat and appellant blocked the hit with his forearm. Appellant then took the bat and hit Ortiz on the forehead. Ortiz "tried to shut the door [but appellant] kept on trying to force himself in." Appellant left after Ortiz "leaned on the door for a while" and was able to shut it. Ortiz testified he told appellant to leave "[p]robably a total of four times." He also said he was not friendly with appellant, "never" asked appellant to come over, never gave consent for appellant to come into his house, and never gave appellant an open invitation to his house.

2

Appellant was the other witness at trial. He told the court he went to Ortiz's house because he believed Ortiz and Jessica were having an affair. Appellant downplayed his actions and said he simply "wanted their attention." He said Ortiz responded with telling him "You better get the hell away from my door" and threatened to shoot him. Appellant told the court that, "I -- as soon as he told me to get the hell out of here before I put two slugs in your ass, I stepped away to retreat and leave." He also testified that as he was leaving, Ortiz tried to hit him with a bat so he "had to face him, but then I was out of there. I was on my way to work . . . I had already expended . . . enough energy on this fool's endeavor . . . ."

The court found appellant guilty of criminal trespass, and conducted a short punishment hearing, during which appellant again testified. The court sentenced appellant as noted.

Analysis

Through one issue, appellant contends the State failed to prove he did not depart Ortiz's home in a reasonable amount of time after being ordered to leave. The State argues the evidence was sufficient because the record shows appellant continued to beat on the door, make threats, and push his way inside the house after being told repeatedly to leave.

We review the sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912

3

(Tex. Crim. App. 2010). The appellate court's role is to ensure the rationality of the factfinder. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). But, our duty also requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

The factfinder is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("The factfinder exclusively determines the weight and credibility of the evidence."). We defer to the factfinder's determinations of credibility, and may not substitute our judgment for that of the factfinder. *Jackson,* 443 U.S. at 319; *Thornton v. State,* 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). When there is conflicting evidence, we must presume the factfinder resolved the conflict in favor of the verdict, and defer to that resolution. *Jackson,* 443 U.S. at 326; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016).

To prove appellant committed the offense of criminal trespass, the State was required to show appellant "enter[ed] or remain[ed] on or in property of another, including residential land . . . without effective consent and the person . . . received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a)(2).

4

Appellant argues the "record contains a mere modicum of evidence relating to the element that Appellant failed to leave the premises within a reasonable time after being told to do so." To support his position, he relies entirely on statements in the Sixth Court of Appeals' opinion in *Brown v. State,* No. 06-09-00018-CR, 2009 Tex. App. LEXIS 6485 (Tex. App.—Texarkana July 31, 2009, no pet.) (mem. op., not designated for publication). He asserts that while the court there affirmed the conviction, it noted, "We recognize that the time from issuance of notice to a full and complete departure cannot be instantaneous; the laws of physics require that it will necessarily take some amount of time for the person to comply with the instruction to leave." *Id.* at *9. Appellant argues that the record here includes no direct evidence as to how much time elapsed between Ortiz's request that appellant leave and appellant's departure. For that reason, he contends, the State failed to set forth sufficient evidence to support that element of the offense.

We need not evaluate appellant's assumption that the proof of failure to depart the property of another after receipt of notice to depart must include the concept of a reasonable time. Like the court in *Brown*, we note that this case does not deal with the time it took for appellant physically "to initiate and complete his departure from the . . . property." *Brown,* 2009 Tex. App. LEXIS 6485, at *8. The court in *Brown* concluded that, under the facts before it, the issue was "not a close call. Brown lingered long enough to continue his ranting and threatening behavior and to get into Walker's truck, get the gun, and return the gun upon reconsideration of that idea. Under the circumstances, the delay between the repeated notices to depart and Brown's decision to finally do so is unreasonable." *Id.* at *9-10.

5

Under the analysis as applied by the court in *Brown*, the same would be true here. Ortiz testified he asked appellant to leave the house "[p]robably four times." Ortiz told appellant "you need to get out of here" and appellant responded, "I'm not going to get out of here" and threated Ortiz. According to Ortiz, appellant continued to bang on the door, yell, and threaten Ortiz and try to force himself inside. These behaviors, if Ortiz's testimony was believed by the trial court, show a refusal to leave after being asked more than once to exit the property. The trier of fact was free to believe Ortiz's version of events and disbelieve appellant's. *Chambers,* 805 S.W.2d at 461. The evidence, by Ortiz's testimony, is not that appellant began to leave and merely was slow in doing so. The evidence is that appellant refused to leave.[2]

Viewing the evidence in the light most favorable to the trial court's judgment, we find any rational trier of fact could have determined, beyond a reasonable doubt, that appellant failed to depart Ortiz's property after receiving notice to do so.[3] We overrule appellant's issue.

---

[2] Appellant's also argues the intervening assault by Ortiz with the bat made it necessary for appellant to defend himself. This, appellant argues, prevented him from leaving until he had defended himself. Under Ortiz's version of the events, the assault appellant claims he was required to defend occurred after Ortiz had more than once demanded that appellant leave.

[3] Appellant also sometimes argues the evidence was insufficient to support his conviction because the State presented no evidence of any prior warnings to appellant that he could not be at Ortiz's home. He recites facts he believes support an ongoing relationship between Ortiz and appellant that presented evidence of effective consent. Appellant does not cite any authority supporting his position and we cannot agree with his contention. The subsection under which appellant was charged does not require proof appellant had been warned on previous occasions not to be on Ortiz's property. *See* TEX. PENAL CODE ANN. § 30.05(a)(2) (setting forth elements).

Conclusion

Having resolved appellant's sole issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.